**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                              CRIMINAL NO.  24-036 (ADC)

[1] NELSON HERNANDEZ-FALCON,

Defendant.

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
RE: RULE 11 GUILTY PLEA HEARING**

**I.      Procedural Background:**

On February 8, 2024, defendant Nelson Hernández-Falcón, was charged in a two-count indictment. (Docket No. 19).  He agreed to plead guilty to both counts in the indictment pursuant to a straight plea.

Count One charges that beginning on a date unknown, but no later than January 30, 2024, continuing up to and until the return of this indictment, in the District of Puerto Rico, and within the jurisdiction of this Court, Mr. Hernández-Falcón, did knowingly and intentionally combine, conspire, confederate and agree with each other and other persons, known and unknown to the Grand Jury, to possess with intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled substance. All in violation of Title 21, *United States Code*, Sections 841(a)(1) and (b)(1)(A)(ii), and 846.

1

Count Two charges that on or about January 31, 2024, in the District of Puerto Rico, and within the jurisdiction of this Court, Mr. Hernández-Falcón, and his co-defendant, aiding and abetting each other and other persons, known and unknown to the Grand Jury, did knowingly and intentionally possesses with intent to distribute and to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Narcotic Drug Controlled substance. All in violation of Title 21, *United States Code*, Sections 841(a)(1) and (b)(1)(A)(ii), and Title 18, *United Sates Code*, Section 2.

Defendant appeared before me, assisted by the court interpreter, on September 12, 2024, after the Rule 11 hearing was referred to me by the Presiding District Judge. *See United States v. Woodard*, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). He was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful lest he subject himself to possible charges of perjury or making a false statement.

**II.     Consent to Proceed Before a Magistrate Judge:**

Defendant was provided with a Waiver of Right to Trial by Jury form, which he signed.[1] He was advised of his right to hold all proceedings, including the change of plea hearing, before a district court judge. He received an explanation of the differences

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Fed. R. Crim. P. 11) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

2

between the scope of jurisdiction and functions of a district judge and a magistrate judge. He was informed that if he elected to proceed before me, a magistrate judge, that I would conduct the hearing and prepare a report and recommendation, subject to review and approval of the District Judge. The defendant then voluntarily consented to proceed before me.

### III. Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure:

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. *United States v. Hernandez-Wilson*, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" *United States v. Cotal-Crespo*, 47 F.3d 1, 4 (1st Cir. 1995) (*quoting McCarthy v. United States*, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. *Cotal-Crespo*, 47 F.3d at 4 (*citing United States v. Allard*, 926 F2d 1237, 1244 (1st Cir. 1991)).

#### A. Competence to Enter a Guilty Plea

I questioned the defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and his understanding of the purpose of the hearing, all in order to ascertain his capacity to understand, answer and comprehend the change of plea colloquy. I confirmed that the

defendant received the indictment and fully discussed the charges with his attorney and was satisfied with the advice and representation he received. In addition, I further inquired whether defendant's counsel or counsel for the government had any doubt as to his competency to plead, receiving answers from both that the defendant was competent to enter a plea. After considering the defendant's responses, and observing his demeanor, a finding was made that Mr. Hernandez-Falcon was competent to plead and fully aware of the purpose of the hearing.

### B.  Maximum Penalties

Upon questioning, the defendant expressed his understanding of the maximum penalties prescribed by statute for the offenses to which he was pleading guilty, namely: a term of imprisonment of not less than ten (10) years and up to life, a fine not to exceed ten million dollars ($10,000,000.00), and a supervised release term of at least five (5) years in addition to any term of incarceration.

The defendant also understood that a Special Monetary Assessment of $100.00 would be imposed as to each count, to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a). The court explained the nature of supervised release and the consequences of revocation. The defendant indicated that he understood the maximum penalties for Counts One and Two and the potential consequences of the guilty plea.

### C.  Sentencing Procedure

The defendant was specifically informed that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney, and that the court had the authority to impose a sentence that

is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are not mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a).

### D. Waiver of Constitutional Rights

Mr. Hernández-Falcón was specifically advised that he has the right to persist in a plea of not guilty, and if he does so persist that he has the right to a speedy and public trial by jury, or trial before a judge sitting without a jury if the court and the government so agree; that at trial he would be presumed innocent and the government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and if he could not afford an attorney the court would appoint one to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless he voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify. He was further informed that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury must return a unanimous verdict before he could be found guilty or not guilty.

The defendant specifically acknowledged understanding these rights and understanding that by entering a plea of guilty there would be no trial and he will be waiving or giving up the rights I explained.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served, and that his guilty plea may result in loss of important

5

civil rights, such as the right to vote, to hold public office, to serve on a jury, and to possess a firearm. The defendant confirmed that he understood these consequences of the guilty plea.

### E.  Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the indictment and provided an explanation of the elements of the offense. The meaning of terms used in the indictment was explained.  Further, upon questioning, the defendant admitted to the essential elements of the offense charged in Counts One and Two after hearing and understanding a summary of the evidence the government had available to establish, in the event defendant elected to go to trial, his guilt beyond a reasonable doubt.

### F.  Voluntariness

The defendant indicated that he was not being forced to plead guilty but was entering such a plea freely and voluntarily because in fact he is guilty, and that no one had threatened him or offered a thing of value in exchange for his plea. He acknowledged that no one had made any different or other promises in exchange for his guilty plea. Throughout the hearing the defendant was able to consult with his attorney.

### IV.  Conclusion:

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Counts One and Two of the indictment.  After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Nelson Hernández-Falcón is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries,

understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Counts One and Two of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court **within 14 days**. Failure to file timely and specific objections to the report and recommendation is a waiver of the right to appellate review. *See Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Davet v. Maccorone*, 973 F.2d 22, 30–31 (1st Cir. 1992); *Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988); *Borden v. Sec'y of Health & Human Servs.*, 836 F.2d 4, 6 (1st Cir. 1987).

**IT IS SO RECOMMENDED.**

In San Juan, Puerto Rico this 12th day of September, 2024.

S/Héctor L. Ramos-Vega
HÉCTOR L. RAMOS-VEGA
UNITED STATES MAGISTRATE JUDGE